# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ERVIN HILTON, JR.,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-20

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Ervin Hilton, Jr. ("Hilton"), an inmate at the Federal Satellite Low Camp in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 7.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Hilton's Section 2241 Petition, **CLOSE** this case, and **DENY** Hilton *in forma pauperis* status on appeal.

## **BACKGROUND**

Hilton was convicted in the Middle District of Florida, after a guilty plea, of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and distribution of cocaine base, in violation of 21 U.S.C. § 841. (Doc. 7-3, pp. 2–6; Doc. 7-6.) According to the Presentence Investigation report ("PSI"), Hilton was classified as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA").[1] (Doc. 9, p. 8.) Among

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Hilton would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the

Hilton's predicate convictions used to trigger this provision were at least three convictions under Florida law for the sale or delivery of cocaine. (Id. at pp. 8–14.) Hilton was sentenced to 180 months' imprisonment on April 21, 2014. (Doc. 7-7, p. 3.)

On May 7, 2015, Hilton filed a motion pursuant to 28 U.S.C. § 2255 in the Middle District of Florida claiming that he was wrongly sentenced as an armed career criminal and that his trial counsel was ineffective. (Doc. 7-8, p. 5.) Hilton's Section 2255 motion remains pending in the Middle District of Florida. On April 27, 2016, he filed a motion to amend that petition to add a claim pursuant to Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), which he also asserts in the Section 2241 Petition before this Court. Mot. to Am., Hilton v. United States, No. 3:15-cv-575-J-34PDB (M.D. Fla. Apr. 27, 2016), ECF No. 8. In both his Motion to Amend before the Middle District of Florida and the instant Section 2241 Petition, Hilton alleges that his ACCA-enhanced sentence is illegal and that he is being unlawfully detained.

## DISCUSSION

In his current Petition, Hilton contends he is actually innocent of his ACCA sentence enhancement in light of the United States Supreme Court's decision in Johnson. (Doc. 1, p. 1.) Liberally construed, Hilton's Petition asserts his prior convictions for the sale or delivery of cocaine are no longer considered "violent felonies" under the ACCA's residual clause. (Id.)

Respondent argues Hilton is not entitled to use of Section 2255's savings clause. (Doc. 7, p. 4.) First, Respondent avers that, as he has done, Hilton should instead amend his pending Section 2255 motion to include a Johnson-based claim before proceeding pursuant to Section 2241. (Id.) Moreover, Respondent states that Johnson cannot form the basis for savings

---

maximum sentence for a violation of § 922(g) is 10 years."). However, this sentence would only be applicable to Hilton's firearm conviction and not his controlled substance conviction, which carried with it a 20-year statutory maximum. (Doc. 9-2, p. 6.)

2

clause relief, as the rule announced in that case is a new constitutional rule[2], and neither the Supreme Court nor the Eleventh Circuit has ever held that a Section 2255 motion is an "inadequate or ineffective" vehicle by which to raise such a claim.  (Id.)  In addition, Respondent asserts, should this Court recharacterize Hilton's Petition as a Section 2255 motion, his claims would fail on the merits, as none of Hilton's predicate convictions triggered the "residual clause" portion of the ACCA's "violent felony" definition.  (Id.)

**I.      Whether Hilton can Proceed Pursuant to Section 2241**

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'"  Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)).  Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction.  28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).  However, a petitioner who has already brought a petition under Section 2255 must obtain certification from the Court of Appeals before bringing a second or successive Section 2255 petition.  28 U.S.C. § 2255(h).

In addition to his pending Section 2255 motion before the Middle District of Florida, Hilton filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the

---

[2]  While the United States Supreme Court has now decided Johnson announced a substantive rule that applies retroactively to cases on collateral review, Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), Respondent's requested relief of dismissal of Hilton's Section 2241 is no less appropriate.

3

validity of a conviction and/or sentence. <u>Taylor v. Warden, FCI Marianna</u>, 557 F. App'x 911, 913 (11th Cir. 2014). Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Hilton asserts that he properly filed this motion under Section 2241 because he is "actually innocent" of his ACCA conviction and sentence. (Doc. 1, p. 6.) Specifically, Hilton argues that, due to the Supreme Court's decision in <u>Johnson</u>, his prior convictions no longer qualify as predicate convictions under the ACCA. (<u>Id.</u> at p. 7.)

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In <u>Bryant</u>, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. <u>Bryant</u>, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in

4

Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."). Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

As noted above, Hilton relies upon the Supreme Court's decision in Johnson to support his savings clause argument. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563.[3] However, the Court also

---

[3] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

Hilton's Johnson claims do not satisfy the Bryant factors because he cannot show that the savings clause reaches those claims. Specifically, the remedy afforded by Section 2255 is not inadequate or ineffective to raise these claims, as evidenced by his pending motion to amend his Section 2255 motion before the Middle District of Florida. Further, should that Court reject Hilton's motion to amend, an additional remedy will remain available to him under 28 U.S.C. § 2255(h) to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition.[4] On this front, the Court notes that the Supreme Court recently decided in Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), that Johnson applies retroactively to cases on collateral review. The Supreme Court's decision in Welch that makes Johnson retroactive changes the Eleventh Circuit's Section 2255(h) analysis and no longer makes Section 2255(h) automatically unavailable to petitioners such as Hilton. See In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)). In addition, the Eleventh Circuit

---

[4] 28 U.S.C. § 2255(h) provides,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

has already recognized Welch's holding and Johnson's application to cases on collateral review. In re Robinson, ___ F.3d ___, No. 16-11304, 2016 WL 1583616 (11th Cir. Apr. 19, 2016).

Furthermore, the savings clause only applies where a petitioner is categorically prevented from ever proceeding with a successive § 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. See, e.g., Bryant, 738 F.3d at 1377–78 (discussing retroactivity requirements in context of deciding whether Section 2255 is inadequate or ineffective); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under Section 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions"). In this case, Hilton currently has available to him multiple remedies under Section 2255.[5] This Court expresses no opinion on the ultimate success of such applications. However, regardless of the merits of Hilton's Johnson arguments, he clearly has a procedural avenue to assert those arguments, as evidenced by his pending Section 2255 motion. Furthermore, should his current Section 2255 motion be denied, Hilton may utilize the remedy available to him pursuant to Section 2255(h). As such, he need not, and, thus, cannot, rely upon Section 2255(e) to assert his current claim. See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to

---

[5] Other courts have noted that, while Johnson and Welch may provide relief under Section 2255(h), they do not provide grounds for filing a Section 2241 Petition under Section 2255(e). See King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) ("Courts have decided that habeas corpus relief under 28 U.S.C.A. § 2241 is not the appropriate method of collateral attack under Johnson."). Magistrate Judge Brian K. Epps of this District recently concluded that a petitioner cannot bring a Johnson claim via Section 2241 due to the availability of relief under Section 2255(h). R. & R., Richard v. Stone, Case 3:16-cv-1 (Apr. 25, 2016), ECF No. 15 ("Regardless of whether the [circuit court] actually grants permission for Petitioner to file a second or successive § 2255 motion, there is an available avenue to pursue a Johnson claim, and he therefore cannot pursue relief in this Court under § 2241.").

7

test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s savings clause does not apply.").

Additionally, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because Hilton may be unable to comply with procedural restrictions. Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Hilton has a pending Section 2255 motion in the district of his conviction. However, the successiveness bar in § 2255(h) does not itself render a § 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Similarly, any potential that Hilton's claims could be barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

For all of these reasons, Hilton has not satisfied the requirements of Section 2255(e)'s savings clause. Consequently, he cannot "open the portal" to argue the merits of his Section 2241claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).[6]

---

[6] Because the Court need not address the relative merits of Hilton's claims due to his failure to satisfy the savings clause, the Court will not discuss whether Hilton's underlying convictions for the sale or delivery of cocaine are serious drug offenses or violent felonies within the meaning of the ACCA.

Based on these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Hilton's Section 2241 Petition.

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Hilton leave to appeal *in forma pauperis*. Though Hilton has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Hilton's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Hilton's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **CLOSE** this case, and **DENY** Hilton leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Hilton and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 17th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA